UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHARITY STEPHEN-WHITAKER,

    Plaintiff,                       Case No. 3:20-cv-461

vs.

GASPER COUNTY BOARD          District Judge Michael J. Newman
OF TRUSTEES, *et al.*,               Magistrate Judge Sharon L. Ovington

    Defendants.

---

**ORDER REQUIRING THE PARTIES TO FILE SUPPLEMENTAL BRIEFING BY JANUARY 20, 2022 ON THE CONFIDENTIALITY PROVISION IN THEIR PROPOSED SETTLEMENT AGREEMENT (Doc. No. 18)**

---

This civil case is before the Court on the parties' joint motion for the Court to approve their proposed settlement agreement under the Fair Labor Standards Act ("FLSA"). Doc. No. 18.[1] Section 1(h) of the agreement forbids Plaintiff and her attorney from disclosing:

> to any person or any entity . . . the terms of the settlement, the terms of this Release, the claims, the facts surrounding the claims, and any tape recordings or other documentation of any type that in any manner relates to the claims or any of the facts surrounding the claims, all of which shall remain strictly confidential . . . .

Doc. No. 18 at PageID 82. Confidentiality provisions in FLSA settlement agreements are subject to judicial scrutiny because "there is a strong presumption in favor of public access to settlement agreements in these cases." *Zego v. Meridian-Henderson*, No. 2-15-CV-3098, 2016 WL 4449648, at *1 (S.D. Ohio Aug. 24, 2016); *see also Key v. FedEx Ground Package Sys. Inc.*, No 2:21-cv-773, 2021 WL 5240236, at *1–2 (S.D. Ohio Aug. 3, 2021). In certain instances, confidentiality

---

[1] The parties have also filed an identical joint motion to approve their proposed settlement agreement. Doc. No. 19.

provisions in FLSA settlement agreements may "thwart the public's independent interest in assuring that employees' wages are fair." *Zego*, 2016 WL 4449648, at *1 (quoting *Rodriguez v. El Pollo Regio, Inc.*, No. 3:11-cv-2276, 2012 WL 5506130, at *1 (N.D. Tex. Feb. 23, 2012)). The parties' joint motion overlooks or ignores the potential issues created by the confidentiality provision in their proposed settlement agreement. Thus, the parties are **ORDERED** to file supplemental briefing, with supporting caselaw, **by January 20, 2022** addressing why the Court should find the settlement agreement is fair and reasonable even though it contains a confidentiality provision.

    **IT IS SO ORDERED.**

  January 13, 2022                      /s Michael J. Newman
                                                           Hon. Michael J. Newman
                                                           United States District Judge