UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHARITY STEPHEN-WHITEAKER,

    Plaintiff,                            Case No. 3:20-cv-461

vs.

GASPER TOWNSHIP BOARD         District Judge Michael J. Newman
OF TRUSTEES, *et al.*,                Magistrate Judge Caroline H. Gentry

    Defendants.

---

**ORDER: (1) APPROVING THE PARTIES' REVISED SETTLEMENT AGREEMENT (Doc. No. 25-1); (2) AWARDING AN ATTORNEY'S FEES/COSTS AWARD OF $6,806; (3) DENYING AS MOOT THE PARTIES' FIRST JOINT MOTION FOR APPROVAL OF THEIR SETLEMENT AGREEMENT (Doc. No. 19); (4) DISMISSING THIS CASE WITH PREJUDICE; AND (5) TERMINATING THIS CASE ON THE DOCKET**

---

Plaintiff Charity Stephen-Whiteaker worked as a paramedic and EMS coordinator for the Gasper Township, Ohio Fire Department.  Doc. No. 1 at PageID 3.  She brings this case under the Fair Labor Standards Act ("FLSA") against Defendants Gasper Township Board of Trustees and Timothy Halcomb, Chief of the Gasper Township Fire Department.  Doc. No. 1.  In her complaint, Plaintiff alleges Defendants: (1) violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, by not paying her mandated overtime pay; (2) violated the Ohio Minimum Wage Fair Standards Act, Ohio Rev. Code §§ 4111.03, *et seq.*, and the Ohio Prompt Pay Act, Ohio Rev. Code § 4113.15, by not compensating her for overtime hours; and (3) retaliated against her under the FLSA, 29 U.S.C. § 215(A)(3), and in violation of Article II, Section 34 A of the Ohio Constitution, by constructively discharging her for complaining about Defendants' failure to pay overtime.  *Id.* at PageID 7–13.

This case previously came before the Court on the parties' first joint motion for approval of their settlement agreement.  Doc. No. 19. After the Court reviewed the parties' settlement

agreement, it ordered counsel to submit briefing to address the agreement's inclusion of confidentiality and non-disparagement provisions. Doc. No. 20. In response, the parties revised their agreement by removing those provisions. *See* Doc. No. 25-1. The case is presently before the Court on the parties' revised settlement agreement. *Id.*

Although the parties jointly submit this agreement for approval, this Court must scrutinize their revised settlement agreement for FLSA compliance. *See Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011). Upon review of the record and the parties' revised joint settlement agreement, the Court approves the agreement.

## I.

### A. The Revised Agreement

"An agreement settling FLSA claims requires court approval." *Whitehead v. Garda CL Cent., Inc.*, No. 3:20-cv-736, 2021 WL 4270121, at *1 (W.D. Ky. Sept. 20, 2021) (citing *Steele v. Staffmark Invs., LLC*, 172 F. Supp. 3d 1024, 1026, 1030 (W.D. Tenn. 2016)). "Employees are guaranteed certain rights by the FLSA and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty. Gov.*, No. 06-cv-299, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). Thus, "[t]he proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Gentrup*, 2011 WL 2532922, at *2 (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)).

First, the Court must determine whether there is a bona fide dispute to "guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA." *Burcham v. Taubra Corp.*, No. 3:17-cv-168, 2018 WL 3840827, at *1 (S.D. Ohio Aug. 13, 2018). Second, the Court examines several factors to determine that an agreement

is "fair, reasonable, and adequate." *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Co.*, 497 F.3d 615, 631 (6th Cir. 2007) (quoting Fed. R. Civ. P. 23(e)(1)(C)). These include, *inter alia*: (1) whether there was fraud or collusion; (2) how complex, long, or expensive litigation would be; (3) how much discovery the parties performed; (4) whether Plaintiff will likely prevail on the merits; and (5) the public interest. *Id.* at 631 (first citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); and then citing *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)).

After reviewing the complaint and the terms of the parties' revised settlement agreement, the Court finds that they present a bona fide dispute. Plaintiff alleged that Defendants did not compensate her for overtime work. Doc No. 1 at PageID 5. Defendants deny this and argue that several "good faith" FLSA defenses would have precluded Plaintiff's recovery. Doc. No. 10 at PageID 41–43. Thus, the parties present a bona fide dispute as to whether Defendants paid Plaintiff her full, FLSA-required wages and what damages—if any—she would be entitled to if her allegations proved correct. *Id.*; *see Burcham*, 2018 WL 3840827, at *2.

Moreover, the Court finds the terms of the settlement are fair, reasonable, and adequate. Plaintiff stands to gain $8,194 after deducting attorney's fees and costs. Doc. No. 25-1 at PageID 118. The Court finds no evidence the settlement was motivated by fraud or collusion. *See White v. Premier Pallet & Recycling, Inc.*, No. 5:18-cv-1460, 2018 WL 4913678, at *2 (N.D. Ohio Oct. 10, 2018) ("In assessing settlement agreements, '[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary'" (quoting *UAW v. Gen. Motors Corp.*, No. 05-cv-73991, 2006 WL 891151, at *21 (E.D. Mich. Mar. 31, 2006))). Resolving the issues between the parties through dispositive motions or trial would likely be time consuming, complex, and contentious. *See* Doc. No. 7 at PageID 38–40 (listing numerous defenses that would have to be litigated before

3

reaching a resolution). Both parties raised potentially meritorious claims and defenses under the FLSA and, thus, success for either party was uncertain. *Id.* Plaintiff's recovery of $8,194 is reasonable considering this uncertainty. *Id.*; Doc. No. 25-1 at PageID 118. Finally, approving the parties' revised settlement agreement promotes the public's interest in encouraging settlement. *See Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *6 (N.D. Ohio Mar. 8, 2010).

For the foregoing reasons, the Court approves the parties' revised settlement agreement.

**B.     Attorney's Fees**

The parties' settlement agreement awards Plaintiff's counsel attorney's fees of $6,806.[1] Doc. No. 25-1 at PageID 118. This represents 45% of Plaintiff's total recovery of $15,000. *Id.*

"An award of attorney fees to a prevailing plaintiff under § 16(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). The amount of attorney's fees must be reasonable. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893 (1984)). "The determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." *United Slate, Tile & Composition Roofer, Damp & Waterproof Workers Ass'n, Loc. 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984) (citations omitted). Additionally, "the determination

---

[1] The Court presumes that the amount of attorney's fees here should reflect a portion of the full settlement amount. Because the full settlement amount is $15,000 and Plaintiff received $8,194 from that, the remainder is $6,806. The amount sought in the settlement agreement is $6,086, which leaves $720 unaccounted for. *See* Doc. No. 25-1 at PageID 118. Accordingly, the Court will assume that the amount of fees sought in the agreement was a typographical error and will, instead, award the full remainder.

of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel." *Id.* at 504.

The Court may determine a reasonable fee amount through the "percentage-of-the-fund method." *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011). This method is appropriate where the award "is easy to calculate; it establishes reasonable expectations on the part of plaintiffs' attorneys as to their expected recovery; and it encourages early settlement, which avoids protracted litigation." *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). The downside to this method is that it "may also provide incentives to attorneys to settle for too low a recovery because an early settlement provides them with a larger fee in terms of the time invested." *Id.* Additionally, when the Court uses the percentage method, it weighs the following factors:

> 1) the value of the benefit rendered . . . 2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others, 3) whether the services were undertaken on a contingent fee basis, 4) the value of the services on an hourly basis, 5) the complexity of the litigation, and 6) the professional skill and standing of counsel involved on both sides.

*Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974) (first citing *Denney v. Phillips & Buttorff Corp.*, 331 F.2d 249 (6th Cir. 1964); then citing *Pergament v. Kaiser-Frazer Corp.*, 224 F.2d 80 (6th Cir. 1955); and then citing *In re Detroit Int'l Bridge Co.*, 111 F.2d 235 (6th Cir. 1940)).

The percentage method is appropriate here. This case has been ongoing since 2020. *See* Doc. No. 1. In the interest of avoiding protracted litigation, a percentage-based fee award furthers timely resolution and "incentivizes lawyers to maximize . . . recovery, but in an efficient manner." *Connectivity Sys. Inc. v. Nat'l City Bank*, No. 2:08-cv-1119, 2011 WL 292008, at *13 (S.D. Ohio

Jan. 26, 2011). Furthermore, because this case started two years ago, there is no concern that the attorneys settled for a low recovery in relation to the time invested.

Attorney fees equaling 45% of Plaintiff's recovery—as provided in the revised settlement agreement—are reasonable and recognized in analogous cases. *See, e.g.*, *Pittman v. Matalco (U.S.), Inc.*, No. 4:18cv203, 2018 WL 6567801, at *1 (N.D. Ohio Dec. 13, 2018) (collecting cases where attorney's fee recovery was reasonable even though it exceeded the plaintiff's recovery). Counsel for the parties agree that even after attorney fees are subtracted from Plaintiff's recovery, she will receive more than the alleged overtime wages owed and a substantial portion of the amount she sought in her complaint. Doc. No. 19 at PageID 90. Awarding this amount of fees furthers society's interest in rewarding attorneys who achieve a benefit for workers who "would not have known what they were owed and, even if they did, would not have found it practicable or in their best interest to vindicate their rights." *Feiertag v. DDP Holdings, LLC*, No. 14-cv-2643, 2016 WL 4721208, at *7 (S.D. Ohio Sept. 9, 2016) (citing *Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-0729, 2012 WL 1945144, at *9 (S.D. Ohio May 30, 2012)). Moreover, Plaintiff's counsel possesses substantial experience and ably represented their clients, leading to an efficient resolution of this case. *See id.* Therefore, the Court approves $6,806 as a reasonable amount of attorney's fees and costs. *See, e.g.*, *Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 618 (6th Cir. 2021) ("In determining fee awards, courts should not 'become green-eyeshade accountants[,]' but instead must content themselves with 'rough justice[.]'" (alteration in original) (quoting *Carter v. Hickory Healthcare, Inc.*, 905 F.3d 963, 970 (6th Cir. 2018))).

## II.

The Court thus: (1) **APPROVES** the parties' revised settlement agreement (Doc. No. 25-1); (2) **AWARDS** attorney's fees and costs of $6,806; (3) **DENIES AS MOOT** the parties' first

joint motion for approval of the settlement agreement (Doc. No. 19); (4) **DISMISSES** this case with prejudice; and (5) **TERMINATES** this case on the docket.

    **IT IS SO ORDERED.**

Date:   July 11, 2022                                       s/Michael J. Newman
                                                                         Hon. Michael J. Newman
                                                                         United States District Judge